Judge Tucker.
This case, stript of all the unimportant iJlegationii and evidence contained in the record, appears to be simply an application to the Court of Chancery to set aside, and reverse the proceedings and trial at law, for errors alleged to have been committed there. The reasons assigned by the Chancellor in his decree, for dissolving the injunction and dismissing the complainant’s bill, “ that if the Court, before which the verdict was found, in the 5 action at common lav/, erred in rejecting the motion for a *182 “ continuance, the Court of Chancery for that reason award- “ ing a new trial, would usurp jurisdiction impertinently j” and “ that if the verdict were contrary to evidence, or 44 were found upon insufficient evidence, application, which 44 ought to have been to the Court where the trial was had, 44 was with like impropriety addressed to the Court of Chan-44 eery for such other trial,” are conclusive as to John Symey the defendant in that suit. As to the other defendants, how friendly soever their motives might have been for becoming John Syrne’,s security in the forthcoming bond, to prevent the sale of property taken to satisfy an execution against him, though belonging wholly or in part to other persons, neither law nor equity can, I conceive, regard them in any other light than as securities for a debtor, .who by giving a bond, reciting (as is the usual form) that the execution was levied on certain slaves, the property of the debtor, are, as well as the debtor, estopped from setting up any title advérsary to that of the debtor. Their becoming his security, with any view to defeat the plaintiff’s lien on the slaves taken as his property, would be such an intromission into the cause, as would not be permitted, in any Court, in favour of persons who did-not; claim the property as their own. They do not pretend any right to it themselves. They undertake for the production of it, as the property of the debtor on the day of sale. Whether the property were worth little or much, and whether Syme’s interest therein were entire, or merely temporary, the not producing it according to the condition of the obligation subjected them to the payment of the whole debt. Nor do I conceive it competent to a Court of Equity to make any inquiry either of the actual value of the slaves, nor whether Syrne had an absolute, or merely a. qualified and temporary property therein. For those reasons I am of opinion the decree ought to be affirmed.
Judge Fleming.
I have perused and considered this lengthy record with great attention, and can discover no *183 error in the decree. The reasons of the Chancellor for not meddling with the trial, and judgment at law between Montague and Syme, are cogent and satisfactory. As to the other plaintiffs, who were securities in the forthcoming bond, (the judgment on which they have sought to be relieved against,) Mr. Randolph contended, that they are entitled to relief, in consideration of the qualified interest Syme bad in the negroes taken iu execution; and took a distinction between a case where the insufficiency of the property to satisfy an execution, might arise from the qualified interest the debtor had in the property, and a case where the property itself might be insufficient for the purpose ; but to me it seems a distinction without a difference ; and, of whatever value the property might be, the bond taken for its forthcoming at the day and place of sale, became forfeited, if there was a failure in its delivery; and the securities became liable for the amount of the debt. I therefore concur in the opinion that the decree- be Ar-